GREEN v. MCCULLAR.

Opinion delivered March 26, 1917.

BILLS AND NOTES—FAILURE OF HOLDER TO SUE MAKER—SURETY NOT RELEASED.—A surety on a note is not released by the failure of the holder to promptly sue the maker.

Appeal from Montgomery Circuit Court; *Scott Wood*, Judge; reversed.

The appellant *pro se.*

1. The court erred in not sustaining appellant's demurrer to the answer, for the answer did not aver that the release plead was made upon any consideration, nor even that it was in writing. A consideration is essential and must be pleaded. 31 Ark. 728; 121 *Id.* 194; 34 Cyc. 1095.

2. A parol agreement to release a party from liability on a note, unsupported by any consideration, cannot be enforced. 96 Ala. 454, 11 So. 410.

3. The court erred in refusing to instruct that unless they found that defendant had complied with §§ 7921-2 Kirby's Digest as to notice, they should find for plaintiff. This is not the law. 7 Ark. 360;

15 *Id.* 132; 35 *Id.* 469; 82 *Id.* 413.    Mere inactivity, delay or passivity does not discharge a surety.    Kirby's Digest, §§ 7921-2.    The defendant was liable.

HART, J.    W. C. Green sued John F. McCullar before a justice of the peace to recover on a promissory note which had been transferred to him for a valuable consideration in the usual course of trade.

The justice found the defendant not liable on the note and the plaintiff appealed to the circuit court. In the circuit court there was again a verdict and judgment for the defendant and the plaintiff has appealed to this court.    The material facts are as follows:

On February 2, 1914, L. G. Riles, J. J. Watson and J. F. McCullar executed a promissory note to John Whitsett, or bearer for $59.50, due ten and one-half months after date with interest at the rate of ten per cent. per annum from date until paid.    Whitsett transferred the note in the ordinary course of business to W. C. Green for a valuable consideration.    The note was given by Riles and Watson to Whitsett for a shingle mill, and McCullar signed the note as surety.    After the note had become due, McCullar had a conversation with Whitsett about the payment of the note. No preparations that he knew of had been made by either Watson or Riles to pay the note.    Watson had left the country but Riles was still there.    The shingle mill for which the note was given was also still there and in possession of Riles.    McCullar told Whitsett that he wanted him to try to recover his money on the note. He said that he would no longer stand surety on the note.    Whitsett told McCullar that he should not be hurt or put to trouble over it.

Subsequently Riles left the country.    He left the mill, standing right where it was, which was about one-quarter of a mile from McCullar's house, and took with him a cow and a yearling.    This was the version of the matter testified to by McCullar.    He did not speak of Riles having any other property except the shingle mill and cow and calf.

Whitsett testified that he did not at any time release McCullar from the payment of the note and that McCullar did not notify in writing or otherwise his intention to institute proceedings to collect the note.

In the case of *Sims* v. *Everett*, 113 Ark. 198, it was held that at common law, a surety could not compel the creditor to sue the principal debtor, and become discharged by the failure of the creditor to do so, and Kirby's Digest, sections 7921 and 7922, giving the surety that right, is in derogation of the common law and should be strictly construed. The court after reviewing and discussing the authorities on the question, said that the statute on the subject controls, and unless complied with, the surety is not discharged by mere inactivity on the part of the creditor or failure or refusal to sue the principal.

Professor Daniel states the rule as follows: "Mere delay and passivity of the creditor does not discharge a drawer or indorser, or other surety, even when the delay and subsequent insolvency of the principal deprives him of all means of reimbursement, and unless authorized so to do by statute, he cannot, by request or notice, compel the creditor to sue the principal debtor." Daniel on Negotiable Instruments, 6th ed., vol. 2, sec. 1326, p. 1493. See also 3 Ruling Case Law, sec. 504, p. 1274.

Under the facts of this case the court was wrong in holding that the defendant was not liable on the note. For that error the judgment will be reversed and the cause will be remanded for a new trial.